IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC M. MISKOVITCH, ) | |
| ) | Civil Action No. 19 – 833 |
| Petitioner, ) | |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| ORLANDO HARPER, *Warden*, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**[1]

Currently pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Eric M. Miskovitch ("Petitioner") and a Motion to Dismiss the Petition as Moot filed by Respondent Orlando Harper ("Respondent"). ECF Nos. 3, 28. In the Petition, Petitioner seeks placement in alternative housing per an order entered by Judge Cashman in his criminal case on May 14, 2019. *See* Commonwealth v. Miskovitch, No. CP-02-CR-8090-2017 (Allegheny Cty. Ct. of Comm. Pleas);[2] *see also* ECF No. 18-1, p.5.

Title 28, Section 2241 of the United States Code provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 5, 27.

[2] The docket sheet for Petitioner's criminal case, which is a public record that is accessible online, reflects that on April 11, 2018, Petitioner was sentenced to eighteen (18) months incarceration at the Allegheny County Jail after he pled guilty to one count each of resisting arrest, fleeing or attempting to elude an officer, and intentional possession of a controlled substance.

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* Maleng v. Cook, 490 U.S. 488, 490 (1989).

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations omitted). *See also* Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and actual controversy") (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises when a prisoner whose sentence has expired can show that he or she suffers a continuing injury from the collateral consequences attached to the challenged act. *See e.g.,* Carafas v. LaVallee, 291 U.S. 234, 237-38 (1968); St. Pierre v. United States, 319 U.S. 41 (1943). Collateral consequences may be presumed when a petitioner challenges his criminal

conviction.  *See* Sibron v. New York, 392 U.S. 40, 55-56 (1968).  However, collateral consequences are not presumed, and must be demonstrated, when a petitioner challenges such things as a parole revocation, Spencer v. Kemna, 523 U.S. 1, 13 (1998), a probation violation, United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002), or a revocation of supervised release, United States v. Huff, 703 F.3d 609, 611-12 (3d Cir. 2013).

      The record in this case reflects that after Petitioner initiated these proceedings on July 12, 2019, he was released to alternative housing on July 15, 2019, escaped from alternative housing on July 17, 2019, was apprehended and returned to the Allegheny County Jail on September 3, 2019, and subsequently released from the custody of the Allegheny County Jail upon the completion of his sentence on December 6, 2019.  *See* ECF Nos. 18-1, 18-2, 18-3, 18-4, 28-1.  Since Petitioner has completed serving his sentence, he no longer satisfies the "in custody" requirement and the Petition is now moot.  Furthermore, collateral consequences will not be presumed in this case since Petitioner is not challenging his criminal conviction, but instead challenging Respondent's failure to place him in alternative housing, an act for which Petitioner has not shown that collateral consequences attach for which he continues to suffer an injury.  Accordingly, the following Order is now entered.

## ORDER

      **IT IS HEREBY ORDERED** that the Motion to Dismiss the Petition for Writ of Habeas Corpus as Moot (ECF No. 28) is **GRANTED**.

      **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 3) is **DISMISSED** as moot.

      **IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Dated:  July 9, 2020.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Eric M. Miskovitch
341 Edna Street
East McKeesport, PA  15035

Counsel of Record
(Via CM/ECF electronic mail)