IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC M. MISKOVITCH, | ) | |
| | ) | Civil Action No. 19 – 833 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| ORLANDO HARPER, *Warden,* | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER**

Currently pending before the Court is Petitioner's Motion for Advancement of Matter, which this Court will construe as a Motion for Reconsideration of this Court's Order dismissing as moot his Petition for Writ of Habeas Corpus. (ECF Nos. 36 & 37.) Respondent has filed a Response to the Motion as directed by the Court. (ECF No. 38.)

Petitioner seeks reconsideration of this Court's Order dated July 9, 2020, which granted Respondent's Motion to Dismiss and dismissed the Petition for Writ of Habeas Corpus as moot. (ECF No. 29.) The Court found that the Petition was moot because Petitioner was no longer "in custody" for his 2017 sentence as required to invoke habeas corpus review. Id., pp. 2-3. The Court also stated that it would not presume collateral consequences, a narrow exception to the mootness doctrine. Id., p.3. In his Motion for Reconsideration, Petitioner argues that the Petition is not moot because he is still serving his 2017 sentence. (ECF No. 36.) He asks that this Court reopen this case and proceed to address the merits of his Petition, that the Court

1

discharge him from the remainder of his sentence and that "precedent be made with respect to interim orders and the manner and method in which they are interpreted." Id., pp.2-3.

In the Response to Petitioner's Motion for Reconsideration, Respondent states that the Court incorrectly stated in its Order that Petitioner completed serving the entirety of his 2017 sentence on December 6, 2019, because on that date Petitioner was released from the Allegheny County Jail to serve his probation. (ECF No. 38, p.2.) He was then arrested for violating the terms of his probation and is set to be formally arraigned on those charges on October 15, 2020. Id. Petitioner also has charges pending in two additional 2019 criminal cases, unrelated to the violation of probation charges, that are set for trial on November 24, 2020. Id. On July 29, 2020, Judge Cashman entered an order at the docket for Petitioner's 2017 criminal sentence transferring him to diversionary treatment. Id., p.3. Petitioner is now housed at Renewal, a diversionary drug treatment facility. Id.

A court may reconsider a final order only where "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)).

Given the information in the court documents that were provided to the Court in response to Petitioner's Motion for Reconsideration, specifically that Petitioner did not complete his sentence on December 6, 2019, but was merely released from the Allegheny County Jail to serve his probation, it appears that the Court made a factual error when it stated that Petitioner was no

longer serving his 2017 sentence as of December 6, 2019.  The Court further erred when it concluded that the Petition was moot because Petitioner did not satisfy the "in custody" requirement since he was no longer serving his 2017 sentence.  Indeed, Petitioner did satisfy the "in custody" requirement for federal habeas review and the Petition was not subject to dismissal as moot for that reason.[1]  However, the Petition was nevertheless subject to dismissal as moot because the only relief Petitioner was seeking was placement in alternative housing per Judge Cashman's order entered in his criminal case on May 14, 2019, and Petitioner was in fact released to alternative housing on July 15, 2019, which was during the pendency of these proceedings and before this Court entered its Order dismissing the Petition as moot on July 9, 2020.  Because Petitioner had already received the only relief he was seeking in his Petition, it follows that the Petition was moot for that reason.  See Powell v. McCormack, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")  Accordingly, the following Order is now entered:

     IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration (ECF No. 36) is granted in part and denied in part.  The Motion is granted to the extent that the Court's Order dismissing his Petition as moot (ECF No. 29) is modified to read that the Petition is moot

---

[1] In order for a petitioner to satisfy the "in custody" requirement for federal habeas review, he must be "in custody" under the conviction or sentence under attack *at the time his petition is filed*.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  Petitioner satisfied this requirement because he was still serving his 2017 sentence when he filed his Petition in this case on July 12, 2019.

because on July 15, 2019, Petitioner was given the only relief he was seeking, which was release to alternative housing in compliance with Judge Cashman's May 14, 2019 order.  The fact that several developments have occurred since Petitioner was released to alternative housing that have altered his custody status does not change this conclusion.  The Motion for Reconsideration is denied in all other respects.

Dated:  October 8, 2020.

_____
Lisa Pupo Lenihan
United States Magistrate Judge


Cc:    Eric M. Miskovitch
Renewal Reentrant Mail
704 2nd Ave.
Pittsburgh, PA  15219

Counsel of Record
(Via CM/ECF electronic mail)